```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GARY LABARBERA and FRANK FINKEL,
Trustees of Local 282 International Brotherhood of          SECOND
Teamsters Welfare, Pension, Annuity, Job Training           REPORT AND
and Vacation Sick Leave Trust Funds,                        RECOMMENDATION

                        Plaintiffs,                         CV-08-146 (FB) (JMA)

        -against-

D. & R. MATERIALS, INC. d/b/a D & R
MATERIALS, INC.,
                        Defendant.
----------------------------------------------------------------X
```

A P P E A R A N C E S:

Avram H. Schreiber, Esq.
40 Exchange Place, Suite 1300
New York, NY 10005
     *Attorney for Plaintiffs*

**AZRACK**, **United States Magistrate Judge:**

Plaintiffs Gary LaBarbera and Frank Finkel, as trustees of the Local 282 International Brotherhood of Teamsters ("Local 282") Welfare, Pension, Annuity, Job Training and Vacation Sick Leave Trust Funds (the "Funds"), bring this action against defendant D. & R. Materials, Inc. ("D & R" or "defendant") pursuant to sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C §§ 1132 and 1145, and sections 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to recover delinquent contributions to employee benefit plans and other payments which are owed to the Funds. By Order dated March 25, 2008, the Honorable Frederic Block entered default judgment against defendant and referred the matter to me for a report and recommendation ("R & R") on plaintiffs' application for unpaid contributions, interest, liquidated damages, injunctive relief, and attorneys' fees and costs.

I. BACKGROUND

The history of this case is explained in detail in my initial R & R to Judge Block dated August 11, 2008. I recount here only those aspects of the case that are pertinent to the instant application.

On August 11, 2008, I recommended that plaintiffs be awarded a total judgment of $11,581.97 against defendant. (Dkt. No. 11.) Specifically, the R & R recommended that plaintiffs be awarded $1,186.06 in unpaid interest, $7,618.33 in liquidated damages, and $2,777.58 in attorneys' fees and costs. (See R & R at 15.) I also recommended that plaintiffs' request for unpaid contributions for October and November 2007 be rejected, that plaintiffs' application for attorneys' fees be reduced and that injunctive relief be denied. (Id.)

Plaintiffs raised two objections to the R & R. (Dkt. No. 13.) First, plaintiffs disagreed with my interpretation of contract language invoked by the Funds to estimate damages for the unpaid October and November 2007 contribution periods. (See Plaintiffs' Objections to R & R at 1-5.) Next, plaintiffs disagreed with my recommendation that the Funds be awarded attorneys' fees in an amount less than that requested in its application. (Id. at 5-6.)

By Memorandum and Order ("M & O") dated December 10, 2008, Judge Block adopted the R & R in part, rejected it in part, and recommitted plaintiffs' application to me for further consideration. (Dkt. No. 14.) Specifically, Judge Block adopted the R & R in all respects, except for my analysis concerning the contract language discussed above, as to which plaintiffs' objection was granted. (See M & O at 13.) Therefore, Judge Block concluded that my recommendation that plaintiff be denied recovery for unpaid October and November 2007 contributions was erroneous, and recommitted this matter to me for a determination of the relief to be awarded plaintiffs in light of the M & O. (Id.)

## II. DISCUSSION

### A. Delinquent October and November 2007 Payments

Following Judge Block's decision, plaintiffs were directed to file a supplemental statement of damages. (See Scheduling Order dated Jan. 6, 2009.) On January 16, 2009, plaintiffs submitted a Supplemental Affirmation in Support of Plaintiffs' Claim for Damages. ("Supp. Aff.") In this application, plaintiffs report that, and as noted in the M & O, subsequent to the filing of plaintiffs' motion for default judgment, D & R submitted reports and contribution payments owing for the October and November 2007 time periods. (Supp. Aff. ¶ 3; M & O at 13.) However, because the payments were dilatory, plaintiffs seek delinquency charges for these contribution periods. (Supp. Aff. ¶ 3.)

ERISA entitles plaintiffs to recover interest on unpaid contributions during the period of delinquency, calculated at a rate specified in a Collective Bargaining Agreement ("CBA") between the parties or, if no such rate is specified, at a statutorily determined rate. 29 U.S.C. 1132 (g)(2)(B). ERISA further provides that, in addition to interest, plaintiffs will be awarded "an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of [unpaid contributions]." 29 U.S.C. § 1132(g)(2)(C).

For the October 2007 contribution period, plaintiffs seek late charges in the amount of $1,271.45, reflecting interest at the CBA's daily rate[1] of .049315% for 66 days and $1,093.50 in liquidated damages representing 20% of the $5,467.48 principal untimely remitted by defendants. (Supp. Aff. ¶ 11.) For the November 2007 contribution period, plaintiffs seek late charges in the amount of $1,859.39, reflecting interest at the same daily rate for 35 days and $1,711.67 in liquidated damages representing 20% of the $8,558.33 principal untimely remitted

---
[1] See R & R at 7 (explaining daily interest rate calculations).

by defendants. (Id. ¶ 12.) For the reasons discussed above and in my initial R & R, I find that these interest and liquidated damages amounts are appropriate and I recommend that plaintiffs be awarded $325.67 in interest and $2,805.17 in liquidated damages for the October and November 2007 time periods.

B. Defendant's Partial Payments

Incorporating the delinquency charges described above, defendant owes plaintiffs interest in the amount of $1,511.73 and liquidated damages in the amount of $10,423.50. These amounts total $11,935.23 in interest and liquidated damages for all contribution periods sought in the complaint. (See Compl. ¶¶ 9, 13, 15; Supp. Aff. ¶ 13.) However, plaintiffs' supplemental damages application reports that defendant has now made $6,708.87 in payments. (See Supp. Aff. ¶ 14.) Plaintiffs request that this amount be credited to defendant in the Court's final judgment. (Id.) Accordingly, for the reasons stated above and in my initial R & R, I respectfully recommend that plaintiffs be awarded interest and liquidated damages in the total amount of $5,226.36.

C. Additional Attorneys' Fees and Costs

ERISA mandates an award for reasonable attorneys' fees and costs. See 29 U.S.C. § 1132 (g)(2)(D). In the M & O, Judge Block adopted my recommendation that plaintiffs' application for attorneys' fees be reduced as to both the various hourly rates charged by the attorneys who worked on this case, as well as an overall 45% reduction in the number of hours expended. (M & O at 11-12.) These reductions resulted in a total award of attorneys' fees of $2,299.70 for the time expended by counsel up to and including the filing of plaintiffs' request to enter default judgment. (See R & R at 13; see also Supp. Aff. ¶ 15.)

In the supplemental request, plaintiffs note that, since the time that default judgment was requested, additional fees and costs have been incurred. (Supp. Aff. ¶ 15.) As support, plaintiffs submitted contemporaneous billing records from February 20, 2008 through January 16, 2009. (Id., Ex. B.) These records indicate that counsel expended a total of thirty additional hours litigating this matter at hourly rates in accordance with the rates adopted by Judge Block. (Id.; see also M & O at 11.) I have reviewed these records and, applying the standards set forth in Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182 (2d Cir. 2008), conclude that the instant request for supplemental fees is reasonable and represents an appropriate award. Specifically, I note that that the thirty hours for which counsel seeks additional fees were expended over a period of nearly one year and that plaintiffs' objections to the R & R—which account for a considerable portion of the supplemental fee request—were not frivolous, were partially successful, and required legal research beyond the scope of a run-of-the-mill, boilerplate ERISA action. For these reasons, I find that a reasonable, paying client seeking effective representation at the least possible cost would be willing to pay the $4,550.00 in supplemental fees sought by counsel here. See id. at 184.

In addition to the award of $477.88 in costs recommended in my initial R & R and adopted by Judge Block, (see R & R at 14), plaintiffs seek an additional $17.55 in copying and postage costs incurred since the filing of the request for default judgment. (Supp. Aff. ¶ 16, Ex. B.) I find that these additional costs are reasonable and recoverable under ERISA and recommend that they be granted in full. See 29 U.S.C. § 1132 (g)(2)(D).

### III. CONCLUSION

For the reasons outlined in the partially adopted initial R & R and those discussed above, I respectfully recommend that that a judgment of $12,571.49 be entered against defendant. This

5

award reflects $5,226.36 in interest and liquidated damages and $7,345.13 in attorneys' fees and costs. Plaintiffs are directed to serve a copy of this report and recommendation on defendant and to promptly file proof of service by ECF. Any objections to this report and recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6.

SO ORDERED.

Dated: March 10, 2009
      Brooklyn, New York

                                                     /s/
                                          JOAN M. AZRACK
                                          UNITED STATES MAGISTRATE JUDGE