UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
GARY LABARBERA and FRANK FINKEL
Trustees of Local 282 International
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds,

**MEMORANDUM AND ORDER**
Case No. 08-CV-146 (FB)(JMA)

Plaintiffs,
-against-

D. & R. MATERIALS INC. d/b/a D & R
MATERIALS INC,

Defendant.
------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
AVRAM H. SCHREIBER, ESQ.
40 Exchange Place, Suite 1300
New York, NY 10005

**BLOCK, Senior District Judge:**

On January 11, 2008, plaintiffs, in their capacities as fiduciaries of the Local 282 International Brotherhood of Teamsters ("Local 282") Welfare, Pension, Annuity, Job Training and Vacation Sick Leave Trust Funds ("the Funds"), filed suit against D. & R. Materials Inc. ("D&R"). Plaintiffs' complaint alleged that D&R violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, by, *inter alia*, failing to make required contributions to employee benefit plans. As a result of defendant's failure to answer or otherwise defend, *see* Docket Entry #9 (Clerk's Entry of Default), a default judgment was entered on March 25, 2008, and the matter was referred to Magistrate Judge Joan M. Azrack for a determination of the relief to be awarded. *See* Docket Entry #10

(Memorandum and Opinion).

On August 11, 2008, Magistrate Judge Azrack issued a Report and Recommendation ("First R&R"), *see* Docket Entry #11, recommending that plaintiffs be awarded: (1) $1,186.06 in interest associated with late contributions from December 2006 and May-September 2007, (2) $7,618.33 in liquidated damages in connection with these late contributions, (3) $2,299.70 in attorney's fees, and (4) $477.88 in litigation costs. The First R&R also recommended that plaintiffs be denied: (1) recovery of unpaid contributions from October and November 2007, (2) interest and liquidated damages in connection with these contributions, and (3) injunctive relief. Plaintiffs timely filed objections to parts of the First R&R, *see* Docket Entry #13, arguing that the magistrate judge improperly denied recovery of the unpaid October-November 2007 contributions, together with associated interest and liquidated damages, and that the magistrate judge improperly reduced plaintiffs' attorney's-fee award.

On December 10, 2008, the Court issued a Memorandum and Order adopting the First R&R in part, rejecting it in part, and recommitting the case to Magistrate Judge Azrack for further consideration. *See* Docket Entry #14. In particular, the Court agreed with plaintiffs that they were entitled to recover the unpaid October-November 2007 contributions and associated interest and liquid damages. However, the Court found plaintiffs' objections as to attorney's fees meritless.

Subsequently, on March 10, 2009, Magistrate Judge Azrack issued another Report and Recommendation ("Second R&R"), *see* Docket Entry #16, recalculating the relief to be awarded in light of the Court's decision. The Second R&R noted that D&R had, in

fact, belatedly made the October-November 2007 payments, but concluded that plaintiffs were entitled to $325.67 in interest and $2,805.17 in liquidated damages for these late payments. *See* Second R&R at 4. Adding these amounts to the sums calculated in the First R&R, and subtracting the $6,708.87 in payments R&R has already made, *see id.*, the magistrate judge calculated that D&R remains obligated to plaintiffs for interest and liquidated damages in the amount of $5,226.36. *See id.* The magistrate judge also recommended a revised award of $7,345.13 in attorney's fees and costs, reflecting additional services rendered and costs incurred since the First R&R. The Second R&R stated that "[a]ny objections . . . must be filed with the Clerk of the Court . . . within ten (10) days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order." *See id.* at 6. No objections were filed.

"[A] district court evaluating a magistrate judge's recommendation is permitted to adopt those portions of the recommendation to which no specific, written objection is made, as long as those sections are not clearly erroneous." *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (internal quotation marks and citations omitted). The Court finds no clear error – if any error – with any portion of the Second R&R. Accordingly, the Court adopts it in its entirety without *de novo* review.

**SO ORDERED.**

                                                                s/ FB
                                                 FREDERIC BLOCK
                                                 Senior United States District Judge

Brooklyn, New York
April 13, 2009